UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             Case No. 95-CR-187

O'NEAL WOODS,

        Defendant.
_____

# ORDER

O'Neal Woods was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, by a jury on January 18, 1996. This court sentenced Woods to a term of 175 months of imprisonment, which was later reduced to a term of 140 months after the court granted Woods's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on a change in the guideline sentencing range by the United States Sentencing Commission. Woods now files a "Motion to Correct a Clerical Error" pursuant to Federal Rule of Criminal Procedure 36, and asks the court to amend its judgment to add two offenses currently covered in a separate judgment.

Rule 36 allows a court to "at any time correct a clerical error in a judgment order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *see also United States v. Smith*, 438 F.3d 796, 799-300 (7th Cir. 2006) ("Rule 36 permits a district judge to correct clerical

errors in judgments."). However, the court did not commit a clerical error here. Instead, the court correctly issued a judgment covering only Woods's drug offense.

Woods asserts that the court erred by not including two offenses charged in a separate indictment within its judgment of conviction in the instant case. A jury convicted Woods of possession with intent to distribute cocaine base in Case No. 95-CR-187, the case at issue here. Following his trial and conviction, Woods entered a guilty plea in a second case, Case No. 95-CR-194, which was also before this branch of the court. Initially, this court planned to sentence Woods on both cases at a single hearing. However, Woods subsequently filed a motion to withdraw his plea in Case No. 95-CR-194, and the case was transferred to Judge Rudolph Randa. This court proceeded with sentencing on Case No. 95-CR-187 and imposed 175 months of imprisonment on April 11, 1996.

Meanwhile, in Case. No. 95-CR-194, Woods successfully withdrew his guilty plea and proceeded to trial in Judge Randa's courtroom. A jury found Woods guilty of bank robbery and use of a firearm in relation to a crime of violence on January 31, 1997. Judge Randa then sentenced Woods to 110 months of imprisonment on each count and ran the sentences concurrent to one another. Judge Randa also directed that the sentences he imposed in Case No. 95-CR-194 be run consecutively to the sentence handed down by this court in Case No. 95-CR-187.

Woods now argues that the sentence meted out by this court in Case No. 95-CR-187 (originally 175 months and now 140 months) should apply to all three

offenses. Woods believes that the court "adopted Case No. 95-CR-194 into his judgment" in the instant case because the court adopted a presentence report that covered both 95-CR-187 and 95-CR-194, and because the adopted presentence report included a recommendation for all sentences to be run concurrently. On the basis of this belief, Wood argues that the court's failure to include the two offenses from Case No. 95-CR-194 in its judgment of conviction for Case No. 95-CR-187 constitutes a clerical error. Woods asserts that because this court's judgment should have included all three offenses, and because the court imposed a "total term" of 175 months, he can only be required to serve the time imposed by this court in Case No. 95-CR-187, and not the time imposed by Judge Randa in 95-CR-194. He further believes that since the period of imprisonment imposed in 95-CR-187 has expired, the court must order his immediate release. Woods is wrong.

This court did not err in issuing a judgment of conviction applying only to Woods's offense charged in Case No. 95-CR-187. Indeed, at the time that the court issued the judgment Woods now challenges, Case No. 95-CR-187 was the only case that remained before this court. Case No. 95-CR-194 was before Judge Randa, and only Judge Randa could issue a judgment as to the offenses contained therein. Further, the fact that Woods's presentence report applied to all his offenses and recommended concurrent sentences is irrelevant. The court issued a judgment as to Woods's drug conviction and its use of the phrase "total term" in describing the sentence imposed has no impact on the sentence imposed by a different judge for

-3-

separate convictions. No clerical error or omission exists. Therefore, the court will neither amend the judgment, nor order the release of the defendant.

Accordingly,

**IT IS ORDERED** that the defendant's motion to correct for clerical error (Docket #127) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge