# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ONEAL WOODS,<br><br>         Defendant. | Case No. 95-CR-187-JPS<br><br>ORDER |

1. BACKGROUND

  Defendant Oneal Woods ("Woods") filed an "Unopposed Motion for Release 18 U.S.C. § 3582" on July 19, 2013 (Docket #160); his motion, despite its title, *is opposed* by the U.S. Probation Office (Docket #165), and the government. (Docket #170); *see infra.* On July 31, 2013, Woods filed a motion, this one entitled (on the docket, at least) a motion to "[c]orrect [s]entence and . . . for [i]mmediate [r]elease from [c]ustody." (Docket #161).The document's heading and substance, however, allege that Woods' judgment is "nonfinal."[1] *Id.* The Court's judgment is not final; Woods' argument proceeds because the Court never ruled on his April 5, 1996 motion for ineffective assistance of counsel (filed just prior to his sentencing). *Id.* at 1. Woods goes on to allege that his trial counsel filed a Notice of Appeal without his knowledge "and in [v]iolation of § 1291." *Id.* at 2. According to Woods, his appointed counsel on appeal[2] "understood the § 1291 restriction because of the pending [m]otion [for ineffective assistance of counsel]. But decided to appeal the denial of the

---

[1] Woods filed another motion on February 10, 2014, which elaborates further on the "nonfinal" judgment argument. (Docket #167).

[2] Woods' trial counsel filed a motion to withdraw.

[m]otion to [s]uppress." *Id.* (internal quotation marks omitted). But, "even that [a]ppeal was in [error]" due to the outstanding motion, Woods concludes, because the outstanding motion asked the Court to re-open an evidentiary hearing and, in Woods' view, that request was the equivalent of a motion for reconsideration. *Id.* Thus, by not ruling on the outstanding motion, Woods was unable to appeal the issue. *Id.*

On September 11, 2013, Woods filed a motion to amend the April 5, 1996 ineffective assistance of counsel motion; Woods requests permission to allow the new motion to "relate back" to the 1996 motion, pursuant to Federal Rule of Criminal Procedure 15(c). (Docket #169).[3] On November 12, 2013, Woods filed a motion requesting the court consolidate all of the aforementioned motions "so that the Court [c]an have a '[c]lear' understanding" of the errors "wrongfully bestowed upon the defendant." (Docket #163).

On January 1, 2014, the Court ordered that the government, in consultation with the United States Probation Office ("Probation"), respond to Woods' motions. (Docket #164). Probation responded on February 3, 2014, stating its position that "there [do] not appear to be grounds warranting a consideration for resentencing" and, further, that Probation found no grounds for consolidation, either. (Docket #165).

---

[3]Woods proposes two amendments to the ineffective assistance of counsel motion: (1) a clarification of the "conflict of interest in this case"– that Woods filed a grievance against trial counsel; and (2) an argument deeming his conviction unlawful due to insufficiency of the evidence coupled with a lengthy argument built on the faulty premise that *Alleyne v. United States*, — U.S. — , 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) applies to the instant case. (Docket #169).

The government filed a response to Woods' motions on March 5, 2014. (Docket #170). Addressing Woods' initial motion citing § 3582, the government argues that Woods has already received two crack cocaine reductions and "the Seventh Circuit held that Section 3582(c)(2) authorizes only one motion, per prisoner, per retroactive change in the Guidelines." *Id.* at 1 (citing *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011)). Plus, Woods grounds his argument by citing to *Alleyne v. United States,* — U.S. — , 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), but *"Alleyne* adopted a new constitutional rule of criminal procedure, which…is not retroactively applicable to cases that became final before the decision was announced." (Docket #170 at 1). The government goes on to characterize Woods' successive motions as motions for various relief "masquerading as Section 2255 motions." *Id.* at 2. The government urges this Court to construe them as such and deny all of the motions given that Woods has already collaterally attacked his conviction in a 28 U.S.C. § 2255 motion and did not raise these issues during that first § 2255 motion or on direct appeal. *Id.*

Since the government's response, Woods has, to state it colloquially, "kicked it up a notch." Woods' reply to the government's response on March 17, 2014, begins with a reassertion of the nonfinal judgment argument and ends with an unfounded accusation against the government. (Docket #172).[4] Three days later, Woods filed a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (Docket #173). Despite the title, however, Woods' motion concludes by requesting that his conviction and sentence be set aside—clearly a § 2255 motion. *Id.* at 4. Eleven days after that, Woods

---

[4]Woods alleges that he is being illegally held in prison and this "can only be for [m]onetary gain." (Docket #172-1 at 2).

again responded to the government's response (Docket #170) to his motion to consolidate (Docket #163); this time, Woods erroneously argues that motions like his own that "might eventually lead to" a sentence being vacated or set aside are not successive § 2255 motions where those motions only attack the judgment of conviction. (Docket #174).

After receiving no response from the government to the litany of motions just described (and filing various other frivolous documents), Woods filed a motion for default judgment on August 15, 2014; the motion is pursuant to Fed. R. Civ. P. 55 "or any other [r]ule." (Docket #182). The motion states that the government has failed to offer any "cogent reasons" why summary judgment and default judgment should not be granted by the Court. *Id.* at 2. Therefore, Woods requests that the Court grant his motions and provide him the following relief: vacate his sentence and release him from prison. *Id.* Woods' motion is again construed as a successive § 2255 motion.

Finally, Woods filed a motion on October 2, 2014, requesting that the Court hold a hearing, pursuant to 28 U.S.C. §§ 1734 and 1735(b), to "determine the contents of the [s]entencing [r]ecords for April 11, 1996 in cases No. 95-CR-187 and 95-CR-194." (Docket #183).[5] Woods avers that no one has been able to locate a transcript of his sentencing and production of that record is necessary to resolution of the merits of all of the aforementioned motions. *See Id.* at 1-12.

---

[5]This motion was docketed twice, for reasons unknown to the Court. (*See* Docket #184).

2. DISCUSSION

The Court concurs fully with the government's assessment and construes all of Woods' motions as § 2255 motions. First, "[c]all it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). As such, "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007).

As to the pre-government response motions: Woods' first motion (Docket #160) asks for release (a motion to vacate or set aside); his second motion (Docket #161) characterizes the original judgment as non-final and asks to correct his sentence (a motion to correct); his third motion (Docket #169) requests leave to amend an 18-year-old motion but ties back to the judgment being non-final (a motion to vacate or set aside); and, his fourth motion (Docket #163) requests consolidation of three previous motions (construed as § 2255 motions). As to the post-government response motions, the Court, in its discussion above, already construed the remainder as § 2255 motions––excepting the final motion for a hearing pursuant to §§ 1734 and 1735(b). The creative labeling Woods uses for his motions is irrelevant; any other holding would "permit [Woods] to use nomenclature to defeat the rules [governing § 2255] established by Congress." *Melton*, 359 F.3d at 857.

Whatever the merits of all of these § 2255 motions, the Court need not get into the intricacies of them because, in the end, the Court has no jurisdiction to entertain them. *See Carraway*, 478 F.3d at 849 ("The district court correctly characterized [the defendant's] motion as one seeking relief under 28 U.S.C. § 2255, and because [the defendant] had previously sought relief under section 2255 and yet failed to seek this court's leave to file a second or successive motion under that statute, the district court was without jurisdiction to entertain the motion.").

Nonetheless, the Court *will* touch on the merits of Woods' various arguments for the sake of clarity. First, Woods' initial motion (Docket #160), which attempts to evade being construed as a § 2255 motion by relying on 18 U.S.C. § 3582, fares no better under the latter statute.[6] Woods already received two crack cocaine reductions. (Docket #117, #140). And, "[n]either the text of § 3582(c)(2) nor the language of Amendment 712 suggests that prisoners are entitled to more than one opportunity to request a lower

---

[6]Woods filed an affidavit (Docket #166) on February 10, 2014, in support of this motion. In it, he states that intervening law—that of *Burrage v. United States*, — U.S. —, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014) and *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) in particular—"make[] it clear that [his] sentence constitutes a 'clear error.'" (Docket #166 at 2). However, *Alleyne* and *Burrage* are merely extensions of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Seventh Circuit has noted that "other rules based on *Apprendi* do not apply retroactively on appeal." *Simpson v. United States*, 721 F.3d 875, 877 (2013); *see also United States v. Martin*, 564 Fed.Appx. 850, 851 (7th Cir. 2014) (noting that "decisions in the *Apprendi* sequence do not apply retroactively") (quoting *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir.2005)). The Court also notes that Woods has already been informed of the futility of this argument. *See Woods v. Coakley*, No. 13-CV-1299, 2013 WL 6002447 at *5 (N.D. Ohio Nov. 12, 2013) (denying Woods' Section 2241 petition based on the instant case and noting that "at this time, *Alleyne* does not afford a basis for granting collateral post-conviction relief. The new rule announced in *Alleyne* is not retroactive").

sentence, for any given change in the Guideline range. Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision." *Redd*, 630 F.3d at 651. To the extent that Woods' various filings in support of the initial motion rely on the doctrine of law of the case to bolster his argument that he deserves to be resentenced, (*see, e.g.*, Docket #162),[7] Woods drives into a dead end. To wit, the Seventh Circuit rejected a similar argument in *Redd*, stating "[w]e think it best to stick with the statute rather than apply a common-law doctrine such as law of the case." *Id.*

Second, and at the heart of Woods' repeated filings, is his nonfinal judgment argument. Try as he may—and he certainly has—Woods cannot sustain an argument under *United States v. Gargano*, 826 F.2d 610 (1987).[8] There, the Seventh Circuit held that a motion for reconsideration, filed after the district court denied two substantive motions—motions under Federal

---

[7] Woods filed a letter with the Court, curiously titled "summary judgment," elaborating on why he should be immediately released from custody. (Docket #162). His argument is founded on: (1) a failure to remand by the Seventh Circuit; (2) *Apprendi* and *Alleyne*; and (3) law of the case. The Court declines to elaborate on the letter further, even if it is liberally construed to be a motion, because its contents are "substantively within the scope of § 2255" and thus the letter/motion is an unauthorized successive collateral attack. See *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (holding that the substance of the motion controls, "no matter what title the prisoner plasters on the cover"). Woods elaborates even further in another letter filed August 11, 2014. (Docket #178).

[8] There is also the question of whether *Gargano* remains good law because of amendments to Federal Rule of Appellate Procedure 4. *See United States v. Powers*, 168 F.3d 943, 946 (7th Cir. 1999) (questioning whether "*Gargano* is still good law" and then stating "[i]n our view, the premise underlying *Gargano* fell away with the 1993 amendments to Rule 4 of the appellate rules"); *but see United States v. Rollins*, 607 F.3d 500, 503 (7th Cir. 2010) (citing *Gargano* as a case which "followed and applied" Supreme Court precedent on the issue). The outcome for Woods would be the same, regardless. *See Powers*, 168 F.3d at 947 (noting no difference in outcome whether the court applied the post-1998 or pre-1998 rule).

Rule of Criminal Procedure 35 and under § 2255—and after a notice of appeal was filed, knocked out the defendant's appeal. *Gargano*, 826 F.2d at 610-612. The theory underlying *Gargano* is that of judicial efficiency: "It would be a waste of everyone's time for this court to be considering an appeal that might soon be mooted by the district court's action on a motion to reconsider its judgment." *Id.* at 612. The court found motions to reconsider in criminal cases to be permissible, if timely, "to keep the rules for criminal appellate practice consistent with civil appellate practice." *United States v. Powers*, 168 F.3d 943, 946 (1999) (citing *Gargano*, 826 F.2d at 612).

Here, the primary flaw in any analogy to *Gargano* is that Woods' motion for ineffective assistance of counsel is not a motion for reconsideration under Federal Rule of Civil Procedure 59(e), as was the defendant's in *Gargano*. *Id.* at 611. Woods erred not because he "neither cite[d] the rule nor ask[ed] the court in so many words to alter or amend its judgment," but because his motion was not a "substantive motion[] served within 10 days of the entry of a judgment." *Id.* (quoting *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). Specifically, Woods' motion was filed ten (10) days *before* judgment was entered against him; and, while not outcome determinative, the Court notes that Woods had not yet filed a notice of appeal. Most importantly, Woods' motion does not place the Seventh Circuit in the predicament of entertaining an appeal while matters are still being decided by this Court; just the opposite is true, because the Court's decision to sentence the defendant indicated that this Court was "really finished with the case." *United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010).

Even assuming, *arguendo*, that Woods' motion could liberally be construed as a motion for reconsideration—or, a motion under Fed. R. App.

P. 4(b)(3)(A) which would toll the time to file a notice of appeal, *see Powers*, 168 F.3d at 946-48—Woods has failed to show his motion was timely. It was not filed "within the time available for appeal," *Rollins*, 607 F.3d at 505, nor was it filed within any of the time limits applicable to motions under Rule 4(b). Woods' motion, as best the Court can tell, was not filed within 7, 14, or 30 days of any appealable order of the Court. *See* Docket. As such, even if it were construed as a motion for reconsideration (of what, the Court is not sure), it would nonetheless be untimely.

Woods makes much of the fact that the 1996 motion requested a new trial. His motion would have been untimely under Federal Rule of Criminal Procedure 33, however, which requires that "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The verdict in Woods' case was almost three months prior (Docket #47), making his motion untimely. And, despite his strenuous wrangling to the contrary, Woods has not, in the eighteen years since his conviction, produced any "newly discovered evidence" which would permit a motion for a new trial outside the fourteen (14) day window. *See* Fed. R. Crim. P. 33(b)(1). Woods has previously been chided by the Seventh Circuit for alleging "newly discovered" evidence as a ruse. *See United States v. Woods*, 169 F.3d 1077, 1079 (7th Cir. 1999) (noting that a motion Woods filed was not "properly a motion under Rule 33 because it [did] not rest on 'newly discovered' evidence"; instead, "the caption was just an effort to mislead the judge").

Third, even if the Court were to accept Woods' various arguments above, the absence of a ruling on Woods' motion is harmless. This is

especially so given that he has raised essentially the same arguments in successive § 2255 petitions and they have been rejected by this Court and by the Seventh Circuit. (*See* Docket #65) (denying Woods' allegation of ineffective assistance of counsel for failing to raise it on direct appeal, especially considering he had different counsel on trial and appeal); *Woods*, 169 F.3d at 1077 ("Woods…filed a petition under 28 U.S.C. § 2255 arguing that his lawyer had been ineffective in pursuing the motion to suppress…. The district court denied the petition, and we declined to issue a certificate of appealability."). Moreover, the Seventh Circuit denied Woods' original § 2255 motion not because this Court's judgment was not final, but because Woods' allegations of ineffective assistance of counsel were never raised on direct appeal; Woods' arguments also lacked any discernable merit. *See Woods v. Smith*, No. 09-CV-1307, 2010 WL 1416860 at *2 (C.D. Ill. Apr. 1, 2010).[9]

---

[9]The United States District Court for the Central District of Illinois is no stranger to Woods' successive § 2255 petitions. *Smith*, 2010 WL 1416860 at *2. The Court described Woods' methods and warned him against further filings as follows:

> [Woods] has also attempted to bring several § 2255 petitions stemming from both of his convictions, often labeled as motions for relief pursuant to various statutory provisions other than § 2255. The District Court for the Eastern District of Wisconsin has continually dismissed Woods' disguised § 2255 petitions as unauthorized successive collateral attacks over which the district court has no jurisdiction. The Seventh Circuit Court of Appeals has previously denied Woods' requests for certificate of appealability, noting his numerous failed attempts for collateral relief pursuant to § 2255. Given this Court's most recent denial of Woods' request for relief pursuant to § 2241, he is cautioned against filing further unauthorized requests for relief pursuant to § 2241 and § 2255.

*Id.*

Woods is free to apply to the Seventh Circuit Court of Appeals for certification of his motions, thus allowing a successive § 2255 petition. That tactic has not fared well in the past, however. (*See, e.g.*, Docket #113) (noting Woods' many unsuccessful § 2255 attempts before the Seventh Circuit). In addition, although he has not requested one, this Court is obliged to deny a certificate of appealability in this case. *See 28* U.S.C. § 2253(c). Woods has not made a "substantial showing of the denial of a constitutional right." *Id.*; *Carraway*, 478 F.3d at 849-50. Nor would "jurists of reason…find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Navarez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted).

Finally, the Court will address Woods' motion for a hearing pursuant to 28 U.S.C. §§ 1734 and 1735(b), to "determine the contents of the [s]entencing [r]ecords." (Docket #183). Considering that the Court has construed all of Woods' motions as § 2255 motions that "challenge…the validity of [his] conviction," requiring that the motions be dismissed for want of jurisdiction, the Court will deny this motion as well. The instant matter is substantially similar to *White v. United States*, No. 07-CV-262, 2010 WL 455260 at *1 (E.D. Wis. Feb. 9, 2010) where this Court found that permitting such a hearing for unauthorized Section 2255 motions "would likely be a 'grand waste of efforts by both the court and the parties.'" *Id.* (quoting *Mark Travel Corp. V. Walter*, No. 09-CV-101, 2009 U.S. Dist. LEXIS 115506, 2009 WL 4912101 at *17 (E.D. Wis. Dec. 11, 2009)).

3.  CONCLUSION

The Court finds that all of Woods' motions, excepting the motion for a hearing, should be construed as § 2255 motions and will, therefore, dismiss all of them for want of jurisdiction. Woods' motion for a hearing will also be denied for the reasons outlined above.

In light of Woods' well-documented history of filing disguised § 2255 petitions in this Court (and other courts),[10] Woods is warned against filing any further unauthorized requests for relief pursuant to § 2255. Failure to heed this Court's warning will result in monetary sanctions and a restriction on future filings. *See, e.g.*, *United States v. Miller*, 542 F.Appx. 526, 528 (7th Cir. 2013) (noting that the defendant "has been warned by the district court that he faces monetary sanctions if he persists in filing unauthorized, successive § 2255 motions" and "adding its own warning that a restriction on future filings is also likely if [the defendant] continues on the same path").

Accordingly,

IT IS ORDERED that, Woods' motions (Docket #160, #161, #169, #163, #167, #173, #182) be and the same, having been construed as successive Section 2255 motions, are hereby DISMISSED for want of jurisdiction;

IT IS FURTHER ORDERED that a certificate of appealability on the aforementioned motions is DENIED; and

---

[10]It appears that Woods, unsatisfied with the rulings of the Seventh Circuit, has decided to try his hand before the Sixth Circuit Court of Appeals. *See Woods v. Coakley*, No. 13-4459 (6th Cir. filed Dec. 13, 2013). The government's brief in opposition states, "Woods' *pro se* petition under 28 U.S.C. § 2241 is a disguised second or successive fuling under 28 U.S.C. § 2255, as his arguments challeng[e] the validity of his sentence imposed by the Eastern District of Wisconsin." Brief for Appellee at 8, *United States v. Coakley*, No. 13-4459 (6th Cir. Filed Dec. 13, 2013).

IT IS FURTHER ORDERED that Woods' motion for a hearing pursuant to 28 U.S.C. §§ 1734 and 1735(b) (Docket #183, #184) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2014.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge